**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Donnie W. Bellamy, | ) | Civil Action No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | (JURY TRIAL DEMANDED) |
| Walmart, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**TO:     THE DEFENDANT NAMED ABOVE:**

The Plaintiff would respectfully show this Honorable Court that:

**JURISDICTION AND VENUE**

1.      Plaintiff Donnie W. Bellamy is a resident and citizen of Little River, South Carolina.

2.      That upon information and belief, Defendant Walmart, Inc. ("Walmart") was at all times relevant to this Complaint a Delaware based corporation licensed to do business in the State of South Carolina, engaged in the business of selling consumer goods. Defendant Walmart is vicariously liable for the acts and/or omissions of its employees, agents and/or servants under the doctrine of respondeat superior.

3.      The parties to this action and the acts and omissions complained of herein are subject to the jurisdiction of this Court and venue is proper.

**FACTUAL ALLEGATIONS**

4.      On December 20, 2020, Plaintiff was a business invitee on Defendant's premises located at or near 550 Hwy 17 N, North Myrtle Beach, South Carolina 29582.

1

5.  That, at the same day and time, Defendant's employees drove a forklift directly into Plaintiff's path, causing Plaintiff to fall violently to the ground.

6.  That, Defendant's employees failed to keep a proper lookout for patrons or notice Plaintiff prior to this incident.

7.  As a result of this fall, Plaintiff sustained serious injuries.

8.  As a result of this incident, Plaintiff sustained serious injuries to his back, all of which have caused him to suffer and endure considerable pain and discomfort. Plaintiff has been compelled to expend significant sums of monies for medical treatments and for the services of medical providers under whose care he has been and under whose care, he may, upon information and belief, be compelled to be in the future and he may, upon information and belief, also be compelled to expend additional monies for further medical and doctors' treatment required in the future. Plaintiff has and will continue to be prevented from attending to his ordinary affairs and duties; he has, upon information and belief, been and will continue to be deprived of the normal enjoyments of life he otherwise would have; and he, upon information and belief, may continue to endure discomforting pain and suffering which he otherwise would not have, and he has been otherwise injured and damaged.

9.  As a result of this incident, Plaintiff has incurred actual damages, lost wages, lost earning capacity, compensatory damages, medical expenses, emotional distress, consequential damages, financial harm, permanent injury, and impairment of health and bodily efficiency.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence)**

10. Plaintiff restates and realleges each and every allegation as if repeated herein verbatim.

11.     Defendant, their employees, servants, subcontractors, owners, contractors and/or agents had a duty to construct, develop, and maintain the Walmart in a reasonably safe condition, in compliance with industry standards, and in a good and workmanlike manner.

12.     Defendant, their employees, servants, agents, subcontractors, owners contractors and/or agents were negligent, careless, reckless, grossly negligent, willful and wanton in the following particulars:

    a.    In failing to maintain adequately safe conditions on its premises;

    b.    In failing to protect Plaintiff from safety hazards;

    c.    In failing to take remedial action to eliminate the safety hazard;

    d.    In creating a safety hazard;

    e.    In failing to warn Plaintiff of the safety hazard;

    f.    In failing to exercise the degree of care required by their profession;

    g.    In failing to use due care in the construction, maintenance, ownership and development of the property;

    h.    In failing to hire competent and/or qualified subcontractors;

    i.    In allowing a safety hazard to exist on the property;

    j.    In failing to properly maintain the premises;

    k.    In failing to warn patrons of hazards existing on their premises;

    l.    In failing to follow established safety procedures or policies, or alternatively, in failing to have safety procedures and policies; and

    m.    In such other and further particulars as may be ascertained during the course of discovery or trial of this case.

16. That as a direct and proximate result of the negligence, gross negligence, carelessness, willfulness, and wantonness of Defendant, their officers, employees, contractors, subcontractors, agents, and/or servants, Plaintiff suffered injuries, actual, direct, incidental, and consequential damages. Defendant is vicariously liable for the negligence of their employees, agents, contractors, owners, subcontractors and/or servants under the doctrine of respondeat superior. Plaintiff seeks actual and punitive damages under this cause of action.

## FOR A SECOND CAUSE OF ACTION

### (Negligent Hiring, Training, Supervision and Retention)

17. Plaintiff restates and realleges each and every allegation as if repeated herein verbatim.

18. Plaintiff is informed and believes that Defendant was negligent, careless, reckless, wanton, and grossly negligent at the time and place hereinabove mentioned in the following particulars:

   a. In failing to have in place policies and procedures to train, supervise and/or retain their employees, contractors, agents, and/or subcontractors or if such procedures were in place, in failing to enforce them;

   b. In failing to have in place adequate policies and procedures to mandate compliance by their employees, agents, contractors and/or subcontractors with regulations, policies, procedures and standards related to the construction, development, and maintenance of the Wal-Mart and if such procedures were in place, in failing to enforce them;

   c. In failing to ensure that their employees, agents, contractors, subcontractors and/or servants had the proper training and experience to be able to safely construct, develop and maintain the Wal-Mart in a manner and at a level that met or exceeded recognized standards, policies, regulations, codes and/or procedures.

   d. In generally failing to use the degree of care and caution that should have used under the same or similar circumstances.

4

19. That because of the acts and/or omissions of Defendant as enumerated hereinabove which resulted both proximately and directly in the damages also set out above, Plaintiff seeks actual damages against Defendant as well as punitive damages.

## JURY DEMAND

20. Plaintiff demands that all causes of action that may be tried before a jury be so tried.

**WHEREFORE**, Plaintiff prays for judgment against Defendant in a sum sufficient to adequately compensate him for actual damages, punitive damages, the costs of this action, pre-judgment interest, post-judgment interest, and any relief a jury may award, and for such other and further relief as this court may deem just and proper.

Respectfully submitted,

**MIKE KELLY LAW GROUP, LLC**

By:  */s/ Ryan D. Martin*
Ryan D. Martin
Fed Bar No. 13632
1523 Huger Street, Suite A (29201)
Post Office Box 8113
Columbia, South Carolina 29202
Telephone: (803) 726-0123
Facsimile: (803) 252-7145
Email: rmartin@mklawgroup.com
*Attorneys for Plaintiff*

Columbia, South Carolina
May 9, 2023